Appeal from a judgment of Supreme Court, Erie County (NeMoyer, J.), entered July 3, 2002, which dismissed the complaint upon a special jury verdict.
It is hereby ordered that said appeal insofar as taken by plaintiff Laurel O’Connell be and the same hereby is unanimously dismissed and the judgment is reversed on the law without costs, the motion is granted, judgment is granted to plaintiff Michael O’Connell on liability and a new trial is granted on damages only.
Memorandum: Plaintiffs appeal from a judgment dismissing the amended complaint. The only claim submitted to the jury was based on the alleged violation of Labor Law § 240 (1). The jury found that the actions of Michael O’Connell (plaintiff) were the sole substantial factor in bringing about his injury in falling from a scaffold. We note at the outset that the appeal insofar as taken by plaintiff Laurel O’Connell must be dismissed because she withdrew her only cause of action before the case was submitted to the jury.
We agree with plaintiff that Supreme Court erred in denying plaintiffs’ motion for judgment on liability notwithstanding the verdict. The jury was charged without objection that “only if you find that the defendant has established that the sole substantial factor in causing plaintiffs injuries or his fall was the plaintiffs misuse of the scaffolding can you find that the plaintiff is not entitled to recover for his injuries resulting from the fall.” The record contains no evidence that plaintiff misused the scaffolding (cf. Heffeman v Bais Corp., 294 AD2d 401, 403 [2002]). We therefore grant plaintiffs’ postverdict motion, grant judgment to plaintiff on liability, and grant a new trial on damages only. In view of our determination, there is no need to address plaintiff’s remaining contentions. Present — Pigott, Jr., PJ., Pine, Hurlbutt, Kehoe and Hayes, JJ.